IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
SEP 30 2011
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

1. SHERMAN W. SHATWELL and
2. KELLY SHATWELL,

          Plaintiffs,

vs.

1. JAMES MARK SERATT, M.D.
2. KENNETH EDWARD PHILLIPS, D.O.
3. MIDWEST HOSPITALISTS SERVICES, PLLC
a/k/a MIDWEST EMERGENCY MEDICAL
SPECIALISTS, PLLC,

          Defendants.

Case No. CIV 11-343-JHP

## COMPLAINT

COMES NOW, the Plaintiffs, Sherman W. Shatwell and Kelly Shatwell, and for their Complaint against the Defendants, James Mark Seratt, M.D., Kenneth Edward Phillips, D.O. and Midwest Hospitalists Services, PLLC a/k/a Midwest Emergency Medical Specialists, PLLC, allege and state as follows:

### I.   PARTIES

1. Plaintiffs Sherman W. Shatwell and Kelly Shatwell are residents of the State of Texas, residing in Killeen, Texas.

2. Plaintiffs Sherman W. Shatwell and Kelly Shatwell are and, at all times pertinent hereto, have been husband and wife.

3. Defendant James Mark Seratt, M.D. is a resident of the State of Oklahoma.

4. Defendant Kenneth Edward Phillips, D.O. is a resident of the State of Oklahoma.

5. At all pertinent times hereto, Defendant James Mark Seratt, M.D. has practiced medicine in Tahlequah, Oklahoma located within Cherokee County, State of Oklahoma.

6. Defendant Midwest Hospitalists Services, PLLC a/k/a Midwest Emergency Medical Specialists, PLLC (hereinafter "Defendant Midwest Specialists") is an Oklahoma professional limited liability company doing business in Oklahoma.

7. Defendant Kenneth Edward Phillips, D.O. was acting as an employee, agent and servant of Midwest Specialists at all pertinent times hereto.

8. At all pertinent times hereto, Defendant Kenneth Edward Phillips, D.O. has practiced medicine in Tahlequah, Oklahoma located within Cherokee County, State of Oklahoma.

## II.   JURISDICTION AND VENUE

9. Complete diversity exists among the parties to this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs, conferring diversity jurisdiction on this Court pursuant to 28 U.S.C. §1332.

10. The wrongful acts and omissions giving rise to the claims asserted herein occurred in Cherokee County, State of Oklahoma, which is within the federal judicial district for the Eastern District of Oklahoma. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

## III.   CLAIMS

### A.   SHERMAN W. SHATWELL'S NEGLIGENCE CLAIM

11. On August 2, 2010, Sherman W. Shatwell presented to the Emergency Room at Tahlequah City Hospital with complaints of neck and shoulder pain following a cervical fusion surgery he underwent in February 2010.

12. Mr. Shatwell was seen by Defendant Phillips, D.O. who ordered a CT scan of Mr. Shatwell's cervical spine.

13. Mr. Shatwell had a CT scan without contrast of his cervical spine performed on August 2, 2010 at Tahlequah City Hospital.

14. The CT scan without contrast was interpreted by Judith Wolfstein, M.D. who recommended that the CT scan without contrast of Mr. Shatwell be followed up with a CT scan with contrast.

15. On August 2, 2010, a CT scan with contrast was performed on Mr. Shatwell at Tahlequah City Hospital. This CT scan with contrast was also interpreted by Judith Wolfstein, M.D.

16. Dr. Wolfstein's impression of the CT scan with contrast of Mr. Shatwell's cervical spine on August 2, 2010 was "Left cervical lymphadenopathy with left tonsillar lesion; left tonsillar carcinoma with metastatic nodes is suspected; an infectious process would also be of consideration; ENT consultation is recommended."

17. The reports and recommendations of the CT scans of Mr. Shatwell performed on August 2, 2010 were communicated to Defendant Kenneth Phillips, D.O.

18. The reports and recommendations of the CT scans of Mr. Shatwell performed on August 2, 2010 were communicated to Defendant Seratt, M.D.

19. Despite the impression of tonsillar cancer and despite the recommendation of Dr. Wolfstein that Mr. Shatwell consult with an ear, nose and throat (ENT) specialist, neither Defendant Phillips, D.O. nor Defendant Seratt, M.D. advised Mr. Shatwell of these results and recommendations. Further, neither Dr. Phillips nor Dr. Seratt obtained an ENT consultation for Mr. Shatwell or advised Mr. Shatwell that he needed such a consult.

20. In September 2010, Plaintiffs moved to Texas and began seeing another primary care physician.

21. On or about June 23, 2011, Mr. Shatwell presented to the Emergency Room at Scott and White Hospital in Temple, Texas. He was admitted to the hospital. During this hospitalization, Mr. Shatwell was diagnosed with tonsillar cancer. At this time, the cancer had advanced to Stage IV.

22. Since June 2011, Mr. Shatwell has undergone chemotherapy, and radiation therapy is planned.

23. On August 2, 2010, when Mr. Shatwell had the CT scans performed at Tahlequah City Hospital, Mr. Shatwell had cancer.

24. At all times pertinent hereto, Defendant Phillips was acting as an employee, servant and/or agent of Defendant Midwest Specialists and acting within the scope of his employment and/or agency with Defendant Midwest Specialists.

25. Defendant Midwest Specialists is vicariously liable for the acts and omissions of Defendant Phillips.

26. Defendants were negligent and grossly negligent in their care and treatment of Mr. Shatwell and breached the applicable standards of care, including but not limited to the following ways: (1) they failed to inform Mr. Shatwell of the results of the August 2, 2010 CT scans; (2) they failed to follow the recommendation of the radiologist and obtain an ENT consultation for Mr. Shatwell and; (3) they failed to otherwise follow-up with Mr. Shatwell concerning his cancer.

27. As a direct and proximate result of Defendants' negligence and gross negligence, Mr. Shatwell's cancer grew, spread and became worse. Further, as a direct and proximate result of Defendants' negligence, Mr. Shatwell's prognosis is worse and he has undergone and will undergo more extensive therapy and treatment.

28. As a direct and proximate result of Defendants' negligence and gross negligence, Mr. Shatwell has suffered loss of earnings, loss of earning capacity, incurred medical related expenses (past and future), has and will suffer physical and emotional pain, has and will suffer physical scarring and suffer permanent personal injury, has suffered and will suffer loss of consortium and will likely die from the cancer.

29. Pursuant to 12 O.S. §19, as set forth in the affidavit of Plaintiff's counsel, Glendell Nix, attached hereto, Plaintiff has consulted and reviewed the facts of this claim with a qualified expert, and has obtained a written opinion from a qualified expert that the acts and omissions of the Defendant Seratt and Defendant Phillips constitute professional negligence. *See Affidavit of Glendell Nix, attached hereto.*

WHEREFORE, Plaintiff Sherman W. Shatwell prays for judgment against each Defendant for damages in an amount exceeding $75,000.00, plus interest, the costs of this action and for such other relief as the Court deems just and equitable.

### B. KELLY SHATWELL'S LOSS OF CONSORTIUM CLAIM

Plaintiff Kelly Shatwell adopts and incorporates by reference paragraphs 1- 29, and further alleges as follows:

30. Kelly Shatwell is and has been married to Sherman W. Shatwell at all times pertinent hereto.

31. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff Kelly Shatwell has suffered loss of consortium and emotional distress.

WHEREFORE, Plaintiff Kelly Shatwell prays for judgment against each Defendant for damages in an amount exceeding $75,000.00, plus interest, the costs of this action and for such other relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Glendell Nix
Glendell Nix, OBA #13741
Jacob Diesselhorst, OBA #19446
NIX LAW GROUP, PLLC
2529 S. Kelly Avenue, Suite C
Edmond, OK 73013
Telephone (405) 509-2000
Facsimile (405) 509-2004
E-Mail Glendell@nixlawgroup.com

**JURY TRIAL REQUESTED**
**ATTORNEYS' LIEN CLAIMED**